UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 2:03-cr-00181-RCJ-LRL-1 |
| vs. | ) | |
| | ) | |
| CHARLES ANTHONY CHELLI, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

In 2004, the Court sentenced Defendant to consecutive sentences of 126 and 60 months imprisonment on counts 2 and 9 of the Indictment, respectively, for conspiracy to distribute a controlled substance and carrying a firearm in relation to a drug trafficking crime. Defendant has asked the Court to reduce his first sentence to 120 months under 18 U.S.C. § 3582(c)(2) and Amendment 782 to U.S.S.G. § 1B1.10(d). The Government responds that Defendant is statutorily eligible for a reduction of no more than six months (because the statutory minimum is 120 months) but asks the Court to exercise its discretion to deny the motion based on Defendant's disciplinary problems while incarcerated. The Probation Office has separately recommended denying the motion for the same reasons.

A district court has discretion in applying a reduction based on a retroactive amendment to the U.S. Sentencing Guidelines. *United States v. Chaney*, 581 F.3d 1123, 1125 (9th Cir. 2009). "[I]n making its determination, the court 'shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment' and 'may consider post-sentencing conduct of the defendant that occurred after

imposition of the original term of imprisonment.'" *United States v. Lightfoot*, 626 F.3d 1092, 1096 (quoting *Chaney*, 581 F.3d at 1126) (footnotes omitted). In *Lightfoot* itself, the Court of Appeals upheld a district court's denial of a sentence reduction based on a record showing "insolence to custodial staff, fighting, threatening a staff member, threatening bodily harm, and refusing to work." *Id.*

The Court finds that a reduction is not appropriate in this case. The Government has adduced Defendant's disciplinary log, indicating that Defendant has been disciplined for fighting, refusing drug or alcohol tests, using drugs or alcohol, refusing to obey orders, possessing unauthorized items (including a dangerous weapon), possessing stolen property, destroying property, misusing medication, being absent form an assignment, counterfeiting or forging a document, and gambling. Most concerning to the Court are the several incidents concerning disobedience of prison staff, fighting, and possession of a dangerous weapon.

Defendant argues he is not a danger to the community. However, he does not appear to deny any of the violent and disobedient conduct indicated by his disciplinary record. Defendant first challenges the reliability and veracity of his disciplinary record—without actually denying the underlying conduct—based on the fact that the prison disciplinary process lacks the procedural safeguards of a criminal trial. But Defendant provides no evidence to show that any of his discipline was imposed wrongly or that any of his discipline has been reversed or vacated. The Court finds that it can rely on the record of discipline adduced.

Second, Defendant argues that he has already received punishment for his infractions and that he should not be further punished via denial of a sentence reduction. But the denial of a sentence reduction based on a prisoner's potential danger to the community is not a punishment for disciplinary infractions in prison. Discipline in prison may make denial of a sentence reduction more likely depending on the nature of the infractions, but it is not a punishment *qua*

punishment. For example, there could be evidence of a prisoner's continuing danger to the community even where there is no formal record of prison discipline. On the other hand, a prisoner could have a long list of formal discipline but still be a good candidate for a sentence reduction if the infractions do not indicate a violent disposition. The ultimate question is whether a prisoner's behavior in prison, whatever the source of the relevant evidence, indicates that he may be a danger to the community. A prison disciplinary record is a valid source of evidence as to such concerns, and Defendant's record indicates a violent and intransigent disposition.

     Third, Defendant cites an article that argues modern prison conditions do not tend to decrease the chances of recidivism but in fact do not affect the chances or even increase them. This line of argumentation may provide a fair policy argument regarding prison conditions or the merits of imprisonment versus other kinds of punishment generally, but it is difficult to understand how this argument should alleviate the Court's concerns that Defendant remains a danger to the community.

     Fourth, Defendant notes that he has completed a financial responsibility program, is on the wait list for a non-residential drug treatment program, and has a strong family support system outside of prison. These are positive factors, but they do not in the Court's judgment overcome Defendant's record of violent and disobedient conduct.

     Finally, Defendant argues that his lack of prior arrests or convictions demonstrates his lack of danger to the community. The Court finds that this consideration is of little value to assessing Defendant's current risk of danger to the community. His recent disciplinary record is a better indicator of whether he is a risk to the community today than is the lack of criminal convictions in his youth.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for a Sentence Reduction (ECF No. 222) is DENIED.

IT IS SO ORDERED.

DATED: June 1, 2015.

_____
ROBERT C. JONES
United States District Judge